UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20008-FAM

UNITED STATES OF AMERICA

vs.

KEVIN REBOLLEDO,

      Defendant.

_____/

## FACTUAL PROFFER

Defendant, Kevin Rebolledo, his counsel, and the United States agree that, had this case proceeded to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

In September of 2020, an undercover law enforcement officer ("UC") was a member of a KIK group where members exchanged child pornography. The UC observed a KIK user named diegocontreras896, later identified as the Defendant, sharing images and videos depicting child sexual abuse materials, including images and videos depicting infants and toddlers. On September 2, 2020, the Defendant sent the following three files to the KIK group:

- **File 1:** An image depicting an infant of unknown gender lying on their back with their anus being held open.

- **File 2:** A video, 12 second long, depicting a nude female infant lying on her back and an adult inserting his erect penis into her vagina. The adult male then ejaculates into the infant.

- **File 3:** An image depicting a nude prepubescent female lying on her back and two adult males inserting their erect penises into the prepubescent female's anus and vagina.

KIK records provided law enforcement with the email address, diegocontreras896@yahoo.com, and the IP address associated with the diegocontreras896

account. Yahoo! records provided the phone number associated with the email address diegocontreras896@yahoo.com, a phone number ending in 1043. Comcast provided the name and address associated with IP address provided by KIK. The name associated with IP address was later identified as the Defendant's mother and the associated address was listed as 2461 NE 184th Terrace, North Miami Beach, Florida.

Based on this information law enforcement continued their investigation learning that the Defendant lived at the residence. Law enforcement compared the Defendant's Florida Driver's License photo to the diegocontreras896 KIK profile picture, which depicted the bottom half of a man's face. The driver's license photo was consistent with the profile picture.

Based on their investigation, law enforcement sent the Defendant a ruse letter stating that he was the victim of a social media scam and asking that he call law enforcement for more information. The Defendant called law enforcement using the phone number ending in 1043, the same phone number associated with the email address diegocontreras896@yaho.com, and scheduled a meeting with law enforcement.

On December 10, 2021, the Defendant met with law enforcement and during his recorded voluntary interview the Defendant admitted to viewing child pornography. In response to his admission, law enforcement read the Defendant his *Miranda* rights. After the Defendant signed a written waiver of his *Miranda* rights, law enforcement showed the Defendant files 1 and 3, which the Defendant shared to the KIK group on September 2, 2020. The Defendant recognized file 1 and admitted to sending it in the KIK group; however, he claimed he did not recognize file 3. The Defendant also identified himself as the user of Diegocontreras896 KIK account and as the person in the account's profile picture.

The Defendant gave law enforcement written consent to search his iPhone X, bearing the serial number G6TWP7DRJCLF ("iPhone"), and verbal consent to assume his online identity on messaging applications like KIK and Telegram.

A search of the Defendant's iPhone revealed hundreds of unique files containing child pornography, including images and videos depicting infants, toddlers, and prepubescent minors engaged in sexually explicit conduct. Law enforcement also discovered multiple chats, on both KIK and the Telegram messaging application, where the Defendant distributed and received child pornography.

One of the messaging conversation law enforcement reviewed took place from May 31, 2021, through June 3, 2021, between the Defendant, and a Telegram user "gagepec," later identified as Sergio Romero ("Romero"). The messages included discussions about their interest in child pornography and the exchange of images and videos containing child pornography.

The Defendant received 10 videos from Romero on May 31, 2021, two of the videos are described as follows:

- the first video is of an adult male engaging in anal sex with a prepubescent boy; and,

- the second of an adult male engaging in anal sex with an infant aged boy.

The images and videos found on the Defendant's phone travelled in interstate and foreign commerce through the internet.

The parties agree that the above facts, which do not include all the facts known to the Government and the Defendant, are sufficient to prove the Indictment beyond a reasonable doubt.

Date: 6/15/21    By: _____
                 BERTILA LILIA FERNANDEZ
                 ASSISTANT UNITED STATES ATTORNEY
                 JUAN ANTONIO GONZALEZ
                 UNITED STATES ATTORNEY

Date: 6/15/2022  By: _____
                 KATE MOLLISON
                 ATTORNEY FOR DEFENDANT

Date: 6/15/2022  By: _____
                 KEVIN REBOLLEDO
                 DEFENDANT