UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20008-FAM

UNITED STATES OF AMERICA

v.

KEVIN REBOLLEDO,

        Defendant.

---

### UNITED STATES' UNOPPOSED MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Pursuant to 18 U.S.C. § 2253(a) and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, hereby moves for the entry of a Preliminary Order of Forfeiture against Defendant Kevin Rebolledo (the "Defendant") in the above-captioned matter. The United States seeks the forfeiture of a single cellphone. In support of this motion, the United States provides the following factual and legal bases.

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On January 18, 2022, a Grand Jury returned an Indictment charging the Defendant in Count 1 with distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), in Count 2 with receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and in Count 3 with possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Indictment, ECF No. 15. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 2252, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of 18 U.S.C. chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

*See id.* at 3.

On June 15, 2022, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment. *See* Minute Entry, ECF No. 26; Plea Agreement ¶ 1, ECF No. 27. As part of the guilty plea, the Defendant agreed to the forfeiture of property subject to forfeiture as a result of the alleged offense. Specifically, among other provisions in the Plea Agreement, the Defendant agreed to the following:

> 10. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any visual depiction described in [18 U.S.C. §§] 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of [18 U.S.C.] Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense to which the defendant is pleading guilty; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense pursuant to [18 U.S.C. §] 2253(a). The property subject to forfeiture includes, but is not limited to:
>
>     a. directly forfeitable property, including, but not limited to: One (1) iPhone X bearing Serial Number G6TWP7DRJCLF.

Plea Agreement ¶ 10.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 28. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* at 3.

## II. MEMORANDUM OF LAW

### A. Directly Forfeitable Property

Upon conviction of a violation of 18 U.S.C. § 2252, (i) "any visual depiction described in [Title 18, United States Code, Sections] 2251, 2251A, or 2252, 2252A, 2252B, or 2260 …, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of [Title 18, United States Code, Chapter 110]," (ii) "any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense," and (iii) "any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property," is subject to forfeiture.  18 U.S.C. § 2253(a).

If a defendant is convicted of such violation, the Court "shall forfeit" any above-described property as part of the sentence.  18 U.S.C. § 2253(a).  Criminal forfeiture is governed by the preponderance standard.  *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003).  Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

### B. Property Subject to Forfeiture in Instant Criminal Case

As Defendant agreed in his Factual Proffer:  In September of 2020, an undercover law enforcement officer ("UC") was a member of a KIK group where members exchanged child pornography. The UC observed a KIK user named diegocontreras896, later identified as the

Defendant, sharing images and videos depicting child sexual abuse materials, including images and videos depicting infants and toddlers. On September 2, 2020, the Defendant sent the following three files to the KIK group:

- **File 1:** An image depicting an infant of unknown gender lying on their back with their anus being held open.

- **File 2:** A video, 12 second long, depicting a nude female infant lying on her back and an adult inserting his erect penis into her vagina. The adult male then ejaculates into the infant.

- **File 3:** An image depicting a nude prepubescent female lying on her back and two adult males inserting their erect penises into the prepubescent female's anus and vagina.

KIK records provided law enforcement with the email address, diegocontreras896@yahoo.com, and the IP address associated with the diegocontreras896 account. Yahoo! records provided the phone number associated with the email address diegocontreras896@yahoo.com, a phone number ending in 1043. Comcast provided the name and address associated with IP address provided by KIK. The name associated with IP address was later identified as the Defendant's mother and the associated address was listed as 2461 NE 184th Terrace, North Miami Beach, Florida.

Based on this information law enforcement continued their investigation learning that the Defendant lived at the residence. Law enforcement compared the Defendant's Florida Driver's License photo to the diegocontreras896 KIK profile picture, which depicted the bottom half of a man's face. The driver's license photo was consistent with the profile picture.

Based on their investigation, law enforcement sent the Defendant a ruse letter stating that he was the victim of a social media scam and asking that he call law enforcement for more information. The Defendant called law enforcement using the phone number ending in 1043, the

4

same phone number associated with the email address diegocontreras896@yaho.com, and scheduled a meeting with law enforcement.

On December 10, 2021, the Defendant met with law enforcement and during his recorded voluntary interview the Defendant admitted to viewing child pornography. In response to his admission, law enforcement read the Defendant his *Miranda* rights. After the Defendant signed a written waiver of his *Miranda* rights, law enforcement showed the Defendant files 1 and 3, which the Defendant shared to the KIK group on September 2, 2020. The Defendant recognized file 1 and admitted to sending it in the KIK group; however, he claimed he did not recognize file 3. The Defendant also identified himself as the user of Diegocontreras896 KIK account and as the person in the account's profile picture.

The Defendant gave law enforcement written consent to search his iPhone X, bearing the serial number G6TWP7DRJCLF ("iPhone"), and verbal consent to assume his online identity on messaging applications like KIK and Telegram.

A search of the Defendant's iPhone revealed hundreds of unique files containing child pornography, including images and videos depicting infants, toddlers, and prepubescent minors engaged in sexually explicit conduct. Law enforcement also discovered multiple chats, on both KIK and the Telegram messaging application, where the Defendant distributed and received child pornography.

One of the messaging conversation law enforcement reviewed took place from May 31, 2021, through June 3, 2021, between the Defendant, and a Telegram user "gagepec," later identified as Sergio Romero ("Romero"). The messages included discussions about their interest in child pornography and the exchange of images and videos containing child pornography.

The Defendant received 10 videos from Romero on May 31, 2021, two of the videos are described as follows:

- the first video is of an adult male engaging in anal sex with a prepubescent boy; and,
- the second of an adult male engaging in anal sex with an infant aged boy.

The images and videos found on the Defendant's phone travelled in interstate and foreign commerce through the internet.

Accordingly, the Court should issue the attached proposed order, which provides for the forfeiture of specific property; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

WHEREFORE, pursuant to 18 U.S.C. § 2253(a), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with defense counsel via e-mail on July 7, 2022, and there is no objection to the relief sought.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: /s/ Joshua Paster
Joshua Paster
Assistant United States Attorney
Court ID No. A5502616
99 N.E. 4th Street, 7th Floor
Miami FL, 33132-2111
Telephone: (305) 961-9342
E-mail: Joshua.Paster@usdoj.gov