UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20008-FAM

UNITED STATES OF AMERICA

v.

KEVIN REBOLLEDO,

       Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Kevin Rebolledo (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On January 18, 2022, a Grand Jury returned an Indictment charging the Defendant in Count 1 with distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), in Count 2 with receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and in Count 3 with possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Indictment, ECF No. 15. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 2252, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of 18 U.S.C. chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

> c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

*See id.* at 3.

On June 15, 2022, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment. *See* Minute Entry, ECF No. 26; Plea Agreement ¶ 1, ECF No. 27. As part of the guilty plea, the Defendant agreed to the forfeiture of property subject to forfeiture as a result of the alleged offense. Specifically, among other provisions in the Plea Agreement, the Defendant agreed to the following:

> 10. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any visual depiction described in [18 U.S.C. §§] 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of [18 U.S.C.] Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense to which the defendant is pleading guilty; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense pursuant to [18 U.S.C. §] 2253(a). The property subject to forfeiture includes, but is not limited to:
>
> a. directly forfeitable property, including, but not limited to: One (1) iPhone X bearing Serial Number G6TWP7DRJCLF.

Plea Agreement ¶ 10, ECF No. 27.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 28. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* at 3.

As Defendant agreed in his Factual Proffer: In September of 2020, an undercover law enforcement officer ("UC") was a member of a KIK group where members exchanged child pornography. The UC observed a KIK user named diegocontreras896, later identified as the Defendant, sharing images and videos depicting child sexual abuse materials, including images and videos depicting infants and toddlers. On September 2, 2020, the Defendant sent the following

2

three files to the KIK group:

- **File 1:** An image depicting an infant of unknown gender lying on their back with their anus being held open.

- **File 2:** A video, 12 second long, depicting a nude female infant lying on her back and an adult inserting his erect penis into her vagina. The adult male then ejaculates into the infant.

- **File 3:** An image depicting a nude prepubescent female lying on her back and two adult males inserting their erect penises into the prepubescent female's anus and vagina.

KIK records provided law enforcement with the email address, diegocontreras896@yahoo.com, and the IP address associated with the diegocontreras896 account. Yahoo! records provided the phone number associated with the email address diegocontreras896@yahoo.com, a phone number ending in 1043. Comcast provided the name and address associated with IP address provided by KIK. The name associated with IP address was later identified as the Defendant's mother and the associated address was listed as 2461 NE 184th Terrace, North Miami Beach, Florida.

Based on this information law enforcement continued their investigation learning that the Defendant lived at the residence. Law enforcement compared the Defendant's Florida Driver's License photo to the diegocontreras896 KIK profile picture, which depicted the bottom half of a man's face. The driver's license photo was consistent with the profile picture.

Based on their investigation, law enforcement sent the Defendant a ruse letter stating that he was the victim of a social media scam and asking that he call law enforcement for more information. The Defendant called law enforcement using the phone number ending in 1043, the same phone number associated with the email address diegocontreras896@yaho.com, and scheduled a meeting with law enforcement.

On December 10, 2021, the Defendant met with law enforcement and during his recorded

3

voluntary interview the Defendant admitted to viewing child pornography. In response to his admission, law enforcement read the Defendant his *Miranda* rights. After the Defendant signed a written waiver of his *Miranda* rights, law enforcement showed the Defendant files 1 and 3, which the Defendant shared to the KIK group on September 2, 2020. The Defendant recognized file 1 and admitted to sending it in the KIK group; however, he claimed he did not recognize file 3. The Defendant also identified himself as the user of Diegocontreras896 KIK account and as the person in the account's profile picture.

The Defendant gave law enforcement written consent to search his iPhone X, bearing the serial number G6TWP7DRJCLF ("iPhone"), and verbal consent to assume his online identity on messaging applications like KIK and Telegram.

A search of the Defendant's iPhone revealed hundreds of unique files containing child pornography, including images and videos depicting infants, toddlers, and prepubescent minors engaged in sexually explicit conduct. Law enforcement also discovered multiple chats, on both KIK and the Telegram messaging application, where the Defendant distributed and received child pornography.

One of the messaging conversation law enforcement reviewed took place from May 31, 2021, through June 3, 2021, between the Defendant, and a Telegram user "gagepec," later identified as Sergio Romero ("Romero"). The messages included discussions about their interest in child pornography and the exchange of images and videos containing child pornography.

The Defendant received 10 videos from Romero on May 31, 2021, two of the videos are described as follows:

- the first video is of an adult male engaging in anal sex with a prepubescent boy; and,
- the second of an adult male engaging in anal sex with an infant aged boy.

4

The images and videos found on the Defendant's phone travelled in interstate and foreign commerce through the internet.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 2253(a), the following specific property is hereby forfeited and vested in the United States of America:

    i. One (1) iPhone X bearing Serial Number G6TWP7DRJCLF.

2. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

3. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

4. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

6. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day

of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

    **DONE AND ORDERED** in Miami, Florida, this _____ day of July 2022.

_____
HON. FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE